UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNDELLE DIAL,<br><br>Plaintiff,<br><br>v.<br><br>ANDRE MATEVOUSION, *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00679-DAD-JDP<br><br>SCREENING ORDER<br><br>ORDER THAT PLAINTIFF:<br><br>(1) FILE A FIRST AMENDED COMPLAINT;<br><br>OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO THE COURT ISSUING FINDINGS AND RECOMMENDATIONS TO A DISTRICT JUDGE CONSISTENT WITH THIS ORDER<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff Shaundelle Dial is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed January 24, 2018, ECF No. 9, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff names twenty-six defendants and challenges the legality of a wide variety of matters. Upon review, the court will require plaintiff to file a first amended complaint for two reasons. First, plaintiff has improperly joined defendants for their actions in unrelated matters. Second, plaintiff does not

allege how each defendant has personally participated in violating his rights. Plaintiff must amend his complaint and cure these defects by the deadline set forth below.

I.  **SCREENING AND PLEADING REQUIREMENTS**

A district court is required to screen a prisoner's complaint seeking relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

II. **THE COMPLAINT**

Given the breadth of plaintiff's complaint, the court will not recount plaintiff's allegations in full. In short, plaintiff alleges that in 2017, defendants subjected him to:

- excessive force;

- sexual abuse;
- retaliation;
- denial of his rights under the Americans with Disabilities Act ("ADA");
- failure to provide a pre-indictment lawyer;
- denial of access to administrative remedies, the courts, his lawyer, and the outside world;
- due process violations;
- freezing his prison bank account;
- unnecessary use of solitary confinement;
- denial of psychological treatment; and
- discrimination.

*See* ECF No. 9 at 9-13. This is not an exhaustive list of plaintiff's allegations. He has named twenty-six defendants, but he does not allege with specificity how each defendant wronged him. *Id*. Instead, plaintiff relies on conclusory allegations. *See, e.g.*, *id.* at 12 ("Defendant Cervantes, disciplinary hearing officer, [is] [denying] me due process and allowing my account to stay frozen and is giving me fines as [an] [indigent] inmate without any funds being sent to me by the outside world.").

**III.    DISCUSSION**

The court will require plaintiff to amend his complaint to cure two defects: (1) the complaint improperly joins numerous defendants for their actions in unrelated events; and (2) plaintiff fails to allege each defendant's personal involvement in violations of his rights. The court will discuss each problem in turn.

**A. Misjoinder of Defendants**

Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). If a complaint satisfies these two requirements, a

district court must "examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (quoting *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1296 (9th Cir. 2000)) (internal quotation marks omitted). A district court may not dismiss an action for a plaintiff's misjoinder of parties, but the court may sever a party from the action at any time "on just terms," Fed. R. Civ. P. 21, considering whether the severance would prejudice any party, *see Rush v. Sport Chalet, Inc*., 779 F.3d 973, 975 (9th Cir. 2015); *Visendi v. Bank of Am., N.A*., 733 F.3d 863, 871 (9th Cir. 2013).[1]

Here, plaintiff has improperly joined the twenty-six defendants in this action. The allegations against defendants pertain to unrelated events, and the complaint does not suggest that a question of law or fact common to all defendants will arise in the action. For example, allegations about the failure to provide a lawyer, denial of ADA rights, and the use of excessive force arise from unrelated events.

The next step is for us to determine how the case should proceed. The court may remove some defendants from this case on just terms, but it is difficult to tell from the complaint whether removing defendants would prejudice plaintiff. When a plaintiff has misjoined defendants under Rule 20(a)(2), this court has required the plaintiff to amend the complaint. *See, e.g*., *Kendrid v. Forester*, No. 18-cv0112, 2018 WL 3436809 (E.D. Cal. July 17, 2018); *Bealer v. Kern Valley State Prison*, No. 16-cv-367, 2017 WL 1272368 (E.D. Cal. Jan. 27, 2017). Plaintiff must file an amended complaint that names defendants who participated in the same transaction, occurrence, or series of transactions or occurrences; the complaint must present some basis for the court to infer that a question of law or fact common to all defendants

---

[1] Once a plaintiff has properly joined defendants in a single action by complying with Rule 20(a)(2), Rule 18(a) allows the plaintiff to assert all claims he or she has against each defendant. The claims joined under Rule 18(a) need not be related. *See* Fed. R. Civ. P. 18(a) ("A party asserting a claim. . . may join, as independent or alternative claims, as many claims as it has against an opposing party."); JAMES MOORE, 4 MOORE'S FEDERAL PRACTICE § 18.02 (3d ed. 2010) ("Because claim joinder is unrestricted, misjoinder of claims against properly joined defending parties is simply impossible.").

will arise from the action. Plaintiff is free to decide which defendants he wishes to sue and which claims he wishes to assert against those defendants, but he may not join defendants in this case for their actions in unrelated events.

As for the defendants and claims that plaintiff chooses not to include in the amended complaint, plaintiff still has recourse. In addition to filing an amended complaint in this case, plaintiff may choose to file other complaints, each of which would open a separate case and challenge different defendants' conduct in different events.

### B. Personal Participation

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must allege that a defendant, while acting under color of state law, personally participated in the deprivation of a right secured by federal law. *See Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). A defendant personally participates in the deprivation "if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 988 (E.D. Cal. 2017) (quoting *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012)). Vague and conclusory allegations of personal involvement in the alleged deprivation do not suffice. *Id*.

"Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*." *Id*. Thus, when a plaintiff names a supervisor as a defendant, "the causal link between him or her and the claimed constitutional violation must be specifically alleged." *Id*. (citations omitted). A plaintiff can satisfy this requirement by alleging that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011).

Here, the complaint does not allow the court to determine how each of the twenty-six named defendants violated plaintiff's rights. As for some defendants, plaintiff does not allege with specificity how they wronged him. Some defendants appear to have been named because

5

they were supervisors, but plaintiff does not allege facts indicating that they participated in, directed, or knew about the alleged deprivations of rights and failed to act.

## IV.  CONCLUSION AND ORDER

The court has screened plaintiff's complaint and finds that it fails to state a cognizable claim against any defendant.  Plaintiff has two options if he wishes to proceed with this suit.  First, he may file an amended complaint.  Second, plaintiff may inform the court that he wishes to stand on his complaint.  If plaintiff takes this second approach, we will issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.  If plaintiff neither files an amended complaint nor responds to this order, we will recommend that the case be dismissed for failure to state a claim, failure to prosecute, and failure to comply with a court order.

Should plaintiff choose to amend the complaint,[2] the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677.  Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934.  Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims.  Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and the amended complaint must be complete on its face without reference to the prior,

---

[2] Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

6

superseded pleading, *see* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly,

1. Within thirty days from the date of service of this order, plaintiff must either:
   a. file an amended complaint; or
   b. notify the court in writing that plaintiff does not agree to file an amended complaint, in which case this court will issue findings and recommendations to the district judge consistent with this order.
2. Should plaintiff choose to amend the complaint, plaintiff must caption the amended complaint "First Amended Complaint" and refer to the appropriate case number.  Plaintiff's amended complaint must address the deficiencies identified in this order.
   a. The amended complaint must satisfy the requirements of Federal Rule of Civil Procedure 20(a)(2).
   b. The amended complaint must satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2).
   c. The amended complaint must allege how each named defendant personally participated in violating plaintiff's rights.
3. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  May 20, 2019

UNITED STATES MAGISTRATE JUDGE

7

No. 203