| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| SHAUNDELLE DIAL,<br><br>Plaintiff,<br><br>v.<br><br>ANDRE MATEVOUSION, *et al.*,<br><br>Defendants. | No. 1:18-cv-00679-DAD-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 32) |

Plaintiff Shaundelle Dial is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 3, 2019, the assigned magistrate judge issued findings and recommendations, recommending dismissal of this case due to plaintiff's failures to prosecute and comply with court orders. (Doc. No. 25.) On January 14, 2020, the court adopted those findings and recommendations and dismissed the action. (Doc. No. 30.) Plaintiff now moves for reconsideration of judgment and for the appointment of a lawyer. (Doc. No. 32.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to

raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his pending motion for reconsideration, plaintiff supplies a number of conclusory justifications for his failure to prosecute this action and to comply with court orders, but fails to present the court with any evidence in support of his assertions in this regard. (Doc. No. 32 at 1–2.) Plaintiff's motion for reconsideration also does not address the defects in his complaint that were identified in the magistrate judge's screening order and which serve as the underlying reason for the court's order dismissal of this case. (*See* Doc. No. 25 at 1.) Thus, there is no basis for the court to reconsider its earlier order.

Regarding plaintiff's request for a copy of the docket, plaintiff may obtain a copy of the docket in this case by contacting the Clerk of the Court and paying the applicable copy fee.

Accordingly, plaintiff's motion for reconsideration and request for the appointment of pro bono counsel (Doc. No. 32) is denied.

IT IS SO ORDERED.

Dated: **March 9, 2020**

UNITED STATES DISTRICT JUDGE